| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | FOR ONLINE PUBLICATION ONLY |

-----------------------------------------------------------x
JUAN MANUEL ORTIZ-ALVEAR,

                        Petitioner,                    MEMORANDUM
                                                                                  AND ORDER
                                                                                  08-CV-268 (JG)

         -against-

HARLEY G. LAPPIN, Director, Federal
Bureau of Prisons, STACEY N. STORNE,
Acting Warden, McRae Correctional Facility,

                        Respondents.
-----------------------------------------------------------x

A P P E A R A N C E S :

       JUAN MANUEL ORTIZ-ALVEAR
           Reg. No. 44086-053
           CI McRae
           P.O. Drawer 30
           McRae, GA 31055
           Petitioner, *Pro Se*

       BENTON J. CAMPBELL
           United States Attorney
           Eastern District of New York
           271 Cadman Plaza East
           Brooklyn, NY 11201
   By:   Bonnie S. Klapper
           Attorney for Respondents

JOHN GLEESON, United States District Judge:

        Juan Manuel Ortiz-Alvear, currently incarcerated at McRae Correctional Facility in the Southern District of Georgia, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that the Bureau of Prisons has improperly computed his sentence. Because the only district with jurisdiction to hear Ortiz-Alvear's § 2241 petition challenging his present physical custody is the district of his confinement, this case is transferred to the Southern District of Georgia.

BACKGROUND

On April 11, 1994, Ortiz-Alvear, then in pretrial detention on assault and attempted murder charges pending in the New York State Supreme Court, Queens County and attempting to secure release on bond, was arrested by federal authorities for several financial crimes. Ortiz-Alvear was convicted of his state charges on June 20, 1995 after a jury trial.

In federal court, Ortiz-Alvear was eventually tried on numerous charges set forth in a fifth superseding indictment. On July 27, 1995, he was convicted after trial of conspiracy to distribute cocaine and to possess cocaine with intent to distribute; structuring financial transactions so as to evade a reporting requirement; money laundering; and making false entries in bank records.[1] On November 7, 1995, Ortiz-Alvear was sentenced principally to 210 months imprisonment on these charges. As the state sentencing proceedings were still pending at that time, the district court explicitly did not take into account Ortiz-Alvear's state conviction in imposing sentence, and noted its understanding that the state court would make the determination whether to run Ortiz-Alvear's state sentence concurrently with his federal sentence. Sent'g Tr. 61, 63.[2] The district court also left questions regarding the computation of credit Ortiz-Alvear would receive for the time he served before sentencing to the Bureau of Prisons ("BOP"). *Id.* at

---

[1] Ortiz-Alvear alleges multiple errors in the trial and sentencing proceedings, but does not appear to seek relief based upon them. At one point in his petition he does suggest that a court could order his sentence to run concurrently in the interest of justice based on these claimed errors. Pet'r's Mem. 47-49. However, based on the context and his characterization of his petition as one under § 2241, as well as his remarks at oral argument, I take him to be challenging the BOP's failure to take these alleged errors into account in determining whether to run his federal sentence concurrent to his state sentence, not seeking to challenge the sentence actually imposed by the district court. *See* Pet'r's Mem. 49 (referring to the BOP's "authority to make such designation").

[2] In a supplemental submission and a second supplemental submission, Ortiz-Alvear argues that the district court misapprehended its authority to order his sentence to run concurrently to a yet-to-be-imposed state sentence. Pet'r's Supplemental Mem. 10-14; Pet'r's Second Supplemental Mem. 2-3. As Ortiz-Alvear styles his petition one under § 2241, I do not construe him to be seeking relief under 28 U.S.C. § 2255 as well. If Ortiz-Alvear wishes to challenge the imposition of his sentence on this ground, he should file a new application under 28 U.S.C. § 2255 in compliance with all applicable procedural rules.

63-64. The court recommended that the BOP incarcerate Ortiz-Alvear in Federal Correctional Institution -- Otisville, New York pending any appeals of his conviction and sentence.

On February 26, 1996, the state court sentenced Ortiz-Alvear to a period of eight to 24 years on his attempted murder conviction and four and one-third to 13 years on each of his two assault convictions. These state sentences ran concurrently with one another but consecutively to Ortiz-Alvear's federal sentence.

Ortiz-Alvear served his state sentence before his federal sentence. On August 27, 2001, the New York State parole board denied Ortiz-Alvear parole based in part on his federal conviction. On August 20, 2003, the parole board again denied Ortiz-Alvear parole, citing to his criminal record generally in its written decision and inquiring into his federal conviction specifically in the parole hearing. On November 7, 2005, Ortiz-Alvear was paroled to federal custody.

Ortiz-Alvear filed this petition on January 14, 2008, alleging the following grounds for relief: (1) because his 1994 federal arrest prohibited his release on bond during his state proceedings, his pretrial detention should be credited toward his federal sentence; (2) the BOP erred in concluding that Ortiz-Alvear's federal sentence ran consecutively to his state sentence when his judgment of conviction was silent; (3) the Double Jeopardy Clause requires his federal sentence to run concurrently with his state sentence due to the state parole board taking his federal conviction into account; and (4) the BOP erred by not designating his state correctional facility, *nunc pro tunc*, as his place of incarceration for his federal sentence, in order to run his federal sentence concurrently with his state sentence.

DISCUSSION

A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the vehicle for a federal prisoner's challenges to the execution of his sentence such as "calculations by the Bureau of Prisons of the credit to be given for other periods of detention," *Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003) (quoting *Roccisano v. Menifee*, 293 F.3d 51, 57 (2d Cir. 2002)), as opposed to challenges to the imposition of sentence, which are properly brought by a motion pursuant to 28 U.S.C. § 2255, *Poindexter*, 333 F.3d at 377 (quoting *Roccisano*, 293 F.3d at 57). As Ortiz-Alvear challenges the execution of his sentence, he properly brings this petition under 28 U.S.C. § 2241.

Section 2241 provides that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). While district courts must of course have both subject matter jurisdiction in order to hear any question and personal jurisdiction over the parties to any action, the reference to "jurisdictions" in § 2241(a) has been interpreted to constitute an additional statutory threshold requirement that must be met before a court can grant a writ. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 n.7 (2004) ("The word 'jurisdiction,' of course, is capable of different interpretations. We use it in the sense that it is used in the habeas statute, 28 U.S.C. § 2241(a), and not in the sense of subject-matter jurisdiction of the District Court.").[3] The Supreme Court construes this requirement to mean that "[w]henever a § 2241 habeas petitioner seeks to challenge his present custody within the United

---

[3] Ortiz-Alvear's reply to the government's invocation of *Padilla* focuses only on the questions of personal and subject-matter jurisdiction, and on standard venue principles, and therefore fails to address the special requirements imposed by § 2241 as interpreted in *Padilla*. Thus, his contentions that I have personal and subject-matter jurisdiction, and that venue would be proper under standard venue principles, are beside the point.

It should be noted that with my permission, Ortiz-Alvear attempted to send the reply to my chambers by facsimile. However, not all pages of the reply were transmitted successfully. Accordingly, the full copy of the reply that I have reviewed and that has been docketed was provided by the government.

States, he should name his warden as respondent and file the petition in the district of confinement." *Padilla*, 542 U.S. at 447.

As Ortiz-Alvear is confined in the Southern District of Georgia, he must bring his petition in that district and name the warden of the facility where he is confined. Ortiz-Alvear notes that the question whether his sentence would be concurrent or consecutive was discussed and not resolved in his sentencing proceedings in the Eastern District of New York, and argues that this should allow him to proceed in this district. The fact that the district court discussed matters pertaining to the execution of Ortiz-Alvear's sentence does not constitute an exception to *Padilla*'s threshold requirements. The majority in *Padilla* emphasized the exceptionless nature of these requirements. *See id.* at 449-50 ("The dissent contends that . . . the Court has made 'numerous exceptions' to the immediate custodian and district of confinement rules, rendering our bright-line rule 'far from bright.' Yet the dissent cannot cite *a single case* in which we have deviated from the longstanding rule we reaffirm today-that is, a case in which we allowed a habeas petitioner challenging his present physical custody within the United States to name as respondent someone other than the immediate custodian and to file somewhere other than the district of confinement." (emphasis in original, citation omitted)). Moreover, if the Court had been prepared to recognize exceptions to these threshold requirements, *Padilla* itself presented the strongest case for doing so.[4]

---

[4] In *Padilla*, the petitioner was initially detained as a material witness in the Southern District of New York. 542 U.S. 430-31. Two days before a hearing on Padilla's motion to vacate the material witness warrant, the government transferred Padilla into military custody and moved him out of the district without notice to Padilla's attorney. *Id.* at 458 (Stevens, J., dissenting). At the time that Padilla's counsel filed a § 2241 petition on his behalf two days later, the media had reported Padilla was being held on a naval brig in Charleston, South Carolina, but the government had apparently not officially confirmed Padilla's location to Padilla's lawyer. *Id.* at 458 n.3 (Stevens, J., dissenting). Thus, Padilla filed his habeas petition in the district in which he had been confined up until the government decided to remove him without notice to his counsel, which was apparently the last district in which his presence had been officially confirmed, and his case presented the important question of the authority of the

Accordingly, I may not decide Ortiz-Alvear's petition. I find it is in the interest of justice to transfer the petition to the Southern District of Georgia. *See* 28 U.S.C. § 1406(a) (providing for transfers to cure improper venue if it is in the interest of justice and the action could have been brought in the transferee court); *see also Shehadeh v. United States*, No. 05-CV-1309 (FJS), 2008 WL 630473, at *1-*2 (N.D.N.Y. March 5, 2008) (deeming a petitioner's challenge to the BOP's decision to run his federal sentence consecutively to his state sentence to be a § 2241 petition and transferring it to the district of confinement on venue grounds); *Hill v. United States*, Nos. 06-CV-175S, 00-CR-199-4S, 2006 WL 1644694, at *1 (W.D.N.Y. June 9, 2006) (treating failure to file § 2241 in the district of confinement as venue requirement).

## CONCLUSION

For the reasons stated above, the Clerk is respectfully directed to transfer the petition to the United States District Court for the Southern District of Georgia.

So ordered.

John Gleeson, U.S.D.J.

Dated: May 29, 2008
 Brooklyn, New York

---

President to unilaterally transfer an American citizen captured on United States soil from civilian courts into indefinite military detention. If these circumstances did not warrant an exception to § 2241's threshold requirements, Ortiz-Alvear's circumstances certainly do not.